**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ALLISON HAMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Case No.:________________** |
| | ) | **JURY DEMANDED** |
| **SUNTRUST BANK,** | ) | |
| **CITIBANK, N.A., and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant SunTrust Bank ("SunTrust"), hereby removes the action known as *Allison Hames vs. SunTrust Bank, Citibank, N.A., and John Doe*, Case No. CT-000160-18, recently filed in the Circuit Court of Shelby County, Tennessee, to the United States District Court for the Western District of Tennessee by the filing of this Notice of Removal. The grounds for removal are as follows:

1. On January 11, 2018, Plaintiff Allison Hames ("Plaintiff") commenced this action by filing a Summons and Complaint in the Circuit Court of Shelby County, Tennessee ("State Court Action"). A copy of the pleadings filed in the State Court Action, including the Complaint, is attached hereto as **Exhibit A.**

2. SunTrust was served with a copy of the Summons and Complaint on January 24, 2018.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed because it has been filed within thirty (30) days of receipt of the Summons and Complaint.

4. Pursuant to 28 U.S.C. § 1446(d), a Notification of Filing of Notice of Removal and a copy of this Notice of Removal is being served upon Plaintiff and filed with the Clerk of the Circuit Court of Shelby County, Tennessee. A copy of the Notification of Filing of Notice of Removal is attached hereto as **Exhibit B**.

5. This Court is in the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a). The Circuit Court of Shelby County is located in the Western District of Tennessee.

6. SunTrust removes this case based upon diversity jurisdiction.

**DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332**

7. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between all parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. **Plaintiff's Citizenship:** For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). As evidenced by Plaintiff's Complaint, Plaintiff is a resident of Shelby County, Tennessee. *See* **Exhibit A**, Compl., ¶ 1. Plaintiff does not allege that she has any intention of leaving Tennessee. *See generally,* **Exhibit A**, Compl. Therefore, upon information and belief, Plaintiff is a citizen of Tennessee.

9. **<u>Defendant SunTrust's Citizenship:</u>** SunTrust is a Georgia banking corporation, chartered and organized under the laws of the State of Georgia, with its principal place of business located in Atlanta, Georgia. For purposes of diversity jurisdiction, SunTrust is a citizen of the State of Georgia. Thus, SunTrust is not a citizen of the State of Tennessee, within the meaning of 28 U.S.C. § 1332(c).

10. **<u>Defendant Citibank, N.A.'s Citizenship:</u>** Upon information and belief, Citibank, N.A. is a national bank. For diversity purposes, a national bank is located "in the State designated in its articles of association as its main office." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (U.S. 2006). The main office of Citibank, N.A., as designated in its articles of association, is located in Sioux Falls, South Dakota. For purposes of diversity jurisdiction, Citibank, N.A. is a citizen of the State of South Dakota. Thus, Citibank, N.A. is not a citizen of the State of Tennessee or the State of Georgia, within the meaning of 28 U.S.C. § 1332(c).

11. **<u>Defendant John Doe's Citizenship:</u>** "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Since Defendant John Doe was sued under a fictitious name in the instant case, Defendant John Doe's citizenship shall be disregarded for purposes of removal.

12. Accordingly, complete diversity of citizenship exists between the parties.

## <u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

13. Plaintiff seeks recovery of "compensatory damages against all of the Defendants, jointly and severally, in an amount of not less than $150,000.00 or an amount to be more specifically determined at a later date." **Exhibit A**, Compl., Prayer of Relief, ¶ 2.

14. Additionally, Plaintiff seeks "an amount of not less than $500,000 in punitive damages or an amount to be more specifically determined at a later date." *See id.* at ¶ 3.

15. Further, Plaintiff seeks recovery of "an amount of not less than $1,000,000.00 in punitive damages or an amount to be more specifically determined at a later date." *See id.* at ¶ 4.

16. Therefore, pursuant to 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

17. While SunTrust denies the allegations in Plaintiff's Complaint, if Plaintiff proves that she is entitled to the requested relief, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Notwithstanding that the jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment in her favor.

**REMOVAL IS APPROPRIATE**

18. Based on the foregoing, removal of the State Court Action to this Court is appropriate pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et. seq*.

WHEREFORE, SunTrust respectfully requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

By: */s/ Ariel M. Kelly*
Ariel M. Kelly, BPR #34340
424 Church Street, Suite 800
Nashville, Tennessee 37219
Telephone: 615-244-6538
Fax: 844-670-6009
Email: AKelly@dickinsonwright.com

Amy Sabbota Gottlieb, MI Bar No. P67020
*Admitted Pro Hac Vice
2600 West Big Beaver Rd., Suite 300
Troy, MI 48084
Phone: (248) 433-7286
Fax: (844) 670-6009
Email: AGottlieb@dickinsonwright.com

*Attorneys for Defendant SunTrust Bank*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made upon the following via the Court's ECF filing system on February 22, 2018 to:

Kevin A. Snider
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
*Attorney for Plaintiff*

*/s/ Ariel M. Kelly*
Ariel M. Kelly

NASHVILLE 51731-94 632339v1

# EXHIBIT A

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-000160-18

(●) Lawsuit
( ) Divorce

Ad Damnum $ ____________

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Allison Hames | VS | SunTrust Bank,<br>Citibank, N.A., and<br>John Doe |

TO: (Name and Address of Defendant (One defendant per summons))

SunTrust Bank
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203

Method of Service:
- ( ) Certified Mail
- ( ) Shelby County Sheriff
- ( ) Commissioner of Insurance ($)
- ( ) Secretary of State ($)
- (●) Other TN County Sheriff ($)
- ( ) Private Process Server
- ( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Kevin Snider / Snider & Horner, PLLC Plaintiff's attorney, whose address is 9056 Stone Walk Place, Germantown, TN 38138 telephone (901) 751-3777 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED 1-11-18 By [signature], D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

________________ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master By: ____________________, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___________ day of ___________________________, 20_____ at _____________ M. a copy of the summons and a copy of the Complaint to the following Defendant ___________________________________

at ___________________________________________________________________

_______________________________________ By: _______________________________

Signature of person accepting service Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant ___________________________________________________________

because __________________________ is (are) not to be found in this County after diligent search and inquiry for the following reason(s): ____________________________________________________________

This ____________ day of __________________________, 20______.

By: _______________________________

Sheriff or other authorized person to serve process

COPY

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**ALLISON HAMES,**

**Plaintiff,**

**VS.**

**SUNTRUST BANK,
CITIBANK, N.A., and
JOHN DOE,**

**Defendants.**

FILED
JAN 11 2018
CIRCUIT COURT CLERK
BY ____ D.C.

**No.** CT-000160-17
**Div.** I 11
**JURY DEMANDED**

**COMPLAINT FOR DAMAGES**

COMES NOW the Plaintiff, Allison Hames, by and through her legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and files her Complaint for Damages and would state and show as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff, Allison Hames, (hereinafter referred to as "Plaintiff"), is an adult citizen and resident of Shelby County, Tennessee.

2. The Defendant, SunTrust Bank (hereinafter referred to as "Defendant" and/or "SunTrust"), is a financial institution conducting business in Shelby County, Tennessee and may be served with process through their registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

3. The Defendant, CitiBank, N.A. (hereinafter referred to as "Defendant" and/or "CitiBank", is a financial institution conducting business in Shelby County, Tennessee and may be served with process through any owner, officer, or manager at their main office, 701 East 60th Street North, Sioux Falls, South Dakota 57104.

4. The Defendant, John Doe (hereinafter referred to as "Defendant" and/or "Doe" is an unknown individual who undertook actions in Shelby County, Tennessee involving the Plaintiff.

5. Jurisdiction and Venue in the instant case are properly found in Shelby County, Tennessee, pursuant to T.C.A. § 20-4-101 and related sections.

## FACTUAL ALLEGATIONS

6. In May of 2017, the Plaintiff was in the process of purchasing a home in Shelby County, Tennessee municipally known as 435 Haynes Street, Memphis, Tennessee (hereinafter referred to as the "Property").

7. At that time, the Plaintiff was a customer of SunTrust and used money market account number ending in 9454.

8. As part of the purchase and the scheduling closing of the Property on May 30, 2017, the Plaintiff was required to make a down payment.

9. Prior to the scheduled closing and on or about May 26, 2017, the Plaintiff received an email that appeared to be from the closing company requesting a domestic wire transfer of $76,360.55 as a requirement of the scheduled closing on May 30, 2017.

10. In reliance upon this email, the Plaintiff contacted SunTrust are arranged for said wire transfer to be completed which would transfer said sum from the Plaintiff's account at SunTrust to an account, upon information and belief, and CitiBank.

11. Shortly thereafter, the Plaintiff became aware that the above mentioned email was not authentic, not from the closing company, and was in fact created and sent by John Doe.

12. At that time, the Plaintiff once again contacted SunTrust and was informed that the wire transfer of funds had not yet been completed. Therefore, on May 30, 2017 at approximately 9:44 a.m. the Plaintiff informed SunTrust about said fraud and was informed that the wire transfer would be cancelled or otherwise reversed.

13. Despite the above and after the request for cancellation was made, the wire transfer was completed by SunTrust to Citibank. In fact, upon information and belief, the cancellation was not even processed by SunTrust until 11:37 a.m. nearly two hours later and after the funds left the Plaintiff's account.

14. At that time, the Plaintiff was informed by SunTrust that essentially there was nothing more they can do and SunTrust to this date, has not explained the delay in processing the cancellation. Moreover, SunTrust refused and/or otherwise failed to act with the necessary urgency to complete the cancellation and/or otherwise allowing this fraudulent transfer to occur.

15. Upon information and belief, the funds were improperly deposited into an account owned and/or used by John Doe at Citibank. In addition or in the alternative, Citibank refused and/or otherwise failed to act with the necessary urgency to complete the cancellation and/or otherwise allowing this fraudulent transaction to occur.

16. Thereafter the Plaintiff contacted the proper legal authorities and the Federal Bureau of Investigation became involved. Upon information and belief, John Doe, was subsequently arrested and/or extradited from Canada to the United States. However, the FBI and/or SunTrust has refused and/or otherwise failed to provide any additional information about John Doe.

17. As a result the Plaintiff has been substantially damaged, including but not limited to the loss of $76,360.55; having to make an additional withdraw of $13,779.03 to cover the down payment at closing; and having to incur additional expenses and losses.

**FIRST CLAIM – BREACH OF CONTRACT**

**AND BREACH OF FIDUCIARY DUTY**

18. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

19. This claim is for breach of contract and breach of fiduciary duty against SunTrust.

20. The Plaintiff has performed all of the terms, conditions, covenants, and promises provided in the parties' banking and/or other agreements.

21. SunTrust and/or its employees, agents, representatives, and/or other individuals working on its behalf, materially breached the parties' contract by refusing and/or failing to timely process the cancellation of the wire transfer.

22. Moreover, the Plaintiff would aver that as a valued customer of SunTrust, said Defendant had a fiduciary and/or other duty to timely and properly act on the Plaintiff's behalf.

23. As a sole, direct, and proximate cause of the SunTrust's actions and/or omissions, the Plaintiff has and continues to incur substantial damages.

**SECOND CLAIM – CONVERSION**

24. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

25. This claim is for conversion against the John Doe.

26. John Doe intentionally and deliberately converted the Plaintiff's funds through a fraudulent scheme in defiance to the Plaintiff's right to them and without any legal or equitable justification.

reporting agencies in the first place.

27. Doe's actions were intentional, willful, malicious, and/or reckless and entitle the Plaintiff to punitive damages.

28. As the sole, direct and proximate result of Doe's actions involving conversion of the Plaintiff's funds, the Plaintiff has and continues to incur substantial damages.

**THIRD CLAIM – FRAUD AND/OR MISREPRESENTATION**

29. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

30. This claim is for fraud and/or misrepresentation against the Defendant.

31. John Doe, engaged in fraud and/or misrepresentation when it created and/or sent a false email to the Plaintiff requesting a wire transfer and/or by intentionally claiming to be someone else (ie. the Plaintiff's closing company).

32. John Doe's actions were intentional, willful, malicious, and/or reckless and entitle the Plaintiff to punitive damages. The Defendant knew of the foregoing falsehoods and made them recklessly with the malicious intent to deceive the Plaintiff and to fraudulently induce her into transferring the funds which has caused substantial damages to the Plaintiff.

## FOURTH CLAIM – OTHER RECKLESS AND/OR NEGLIGENT ACTIONS AND/OR OMISSIONS

33. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.

34. This claim is for other reckless and/or negligent actions and/or omissions against SunTrust and Citibank.

35. At all times relevant herein, SunTrust and Citibank had a duty to exercise reasonable care and skill in conducting bank activities with both customers and consumers. Said Defendants likewise had a duty to protect customers and consumers from fraudulent activities by third parties including but not limited to properly vetting customer accounts, detecting suspicious activity, and more. Finally, said Defendants also had a duty to timely and properly process cancellations of wire transfers when notified about fraudulent activity.

36. In taking the aforementioned actions and/or engaging in the above mentioned omissions, SunTrust and Citibank breached its duty of care and skill to the Plaintiff by essentially allowing John Doe to steal the Plaintiff's funds.

37. Moreover, the Plaintiff would aver that the actions and/or omissions of SunTrust and Citibank were outrageous, extreme, and reckless.

38. As a direct and proximate result of said Defendants' other reckless and/or negligent actions and/or omissions, the Plaintiff has and continues to incur substantial damages.

**WHEREFORE, PREMISES CONSIDERED, your Plaintiff prays:**

1. That proper process be issued and served upon the Defendants, requiring them to answer this Complaint for Damages within the time allotted by the Tennessee Rules of Civil Procedure.

2. That the Plaintiff be awarded compensatory damages against all of the Defendants, jointly and severally, in an amount of not less than $150,000.00 or an amount to be more specifically determined at a later date.

3. That the Plaintiff be awarded a judgment against the SunTrust and Citibank in an amount of not less than $500,000.00 in punitive damages or an amount to be more specifically determined at a later date.

4. That the Plaintiff be awarded a judgment against John Doe in an amount of not less than $1,000,000.00 in punitive damages or an amount to be more specifically determined at a later date.

5. That the Plaintiff be awarded prejudgment interest at the maximum rate permitted by law against all of the Defendants.

6. That the Plaintiff be awarded discretionary costs as this Court deems appropriate.

7. That the Plaintiff be awarded the court costs and other expenses of this action.

8. That the Plaintiff be given a jury trial and awarded such other and further relief to which she may be entitled by law.

Respectfully submitted,

SNIDER & HORNER, PLLC

KEVIN A. SNIDER (B.P.R. #18231)
Attorney for the Plaintiff
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777

# EXHIBIT B

**IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

| | | |
|---|---|---|
| **ALLISON HAMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Case No.: CT-000160-18** |
| | ) | **Div. III** |
| **SUNTRUST BANK, CITIBANK, N.A., and JOHN DOE,** | ) | **JURY DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTIFICATION OF FILING OF NOTICE OF REMOVAL**

Defendant SunTrust Bank ("SunTrust"), by and through its attorneys, Dickinson Wright PLLC, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, hereby gives notice that it has removed the above-captioned case from this Court by filing a Notice of Removal with the United States District Court for the Western District of Tennessee. A copy of the Notice of Removal (and exhibits) is attached hereto as **Exhibit 1**. Pursuant to 28 U.S.C. § 1446(d), "the State court shall proceed no further unless and until the case is remanded."

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

Ariel M. Kelly BPR #34340
424 Church Street, Suite 800
Nashville, TN 37219
Phone: (615) 244-6538
Fax: (844) 670-6009
Email: AKelly@dickinsonwright.com

*Attorney for Defendant SunTrust Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served upon the following counsel of record, via U.S. Mail, on this 22nd day of February, 2018:

Kevin A. Snider
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
*Attorney for Plaintiff*

Ariel M. Kelly

NASHVILLE 51731-94 632342v1

# EXHIBIT C

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Allison Hames

**(b)** County of Residence of First Listed Plaintiff: Shelby County, TN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin A. Snider
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777

**DEFENDANTS**

SunTrust Bank
Citibank, N.A.
John Doe

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Ariel M. Kelly
Amy Sabbota Gottlieb
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN 37219
(615) 244-6538

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Diversity of Citizenship

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,650,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 02/22/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Ariel M. Kelly

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.