IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALLISON HAMES,<br><br>    Plaintiff,<br><br>v.<br><br>SUNTRUST BANK; CITIBANK, N.A.;<br>and JEFFREY CRANFORD,<br><br>    Defendants. | No. 18-2121 |

**ORDER**

Before the Court is Plaintiff Allison Hames's February 15, 2019 Second Motion for Default Judgment as to Jeffrey Cranford. (ECF No. 38.)

A review of the record suggests that the Court may lack jurisdiction. Within fourteen (14) days of the entry of this Order, SunTrust Bank and Citibank, N.A. may file an amended notice of removal that contains facts sufficient to support federal jurisdiction. If SunTrust Bank and Citibank, N.A. fail to do so, the case will be remanded to state court under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.

1

## I. Background

Hames filed a Complaint against Defendants SunTrust Bank, Citibank, N.A., and a fictitious party labeled John Doe in the Tennessee Circuit Court for the Thirtieth Judicial District at Memphis. (ECF No. 1.) On January 20, 2018, Defendants SunTrust Bank and Citibank, N.A. removed to this Court on the basis of diversity. (Id.) On May 21, 2018, Hames filed an Amended Complaint identifying the fictitious party as Jeffrey Cranford. (ECF No. 20.)

Hames's Amended Complaint brings four claims against Defendants: (1) breach of contract and breach of fiduciary duty; (2) conversion; (3) "fraud and/or misrepresentation"; and (4) "other reckless and/or negligent actions and/or omissions". (ECF No. 20 ¶¶ 18–38.) Hames seeks $150,000 in compensatory damages from all Defendants, and $1,000,000 in punitive damages from Cranford.

Cranford was properly served on June 26, 2018. (Proof Serv., ECF No. 31-1.) The Summons instructed Cranford to serve an answer on Hames or her attorney within twenty-one days after service. (Cranford Summ., ECF No. 30.) Cranford has not filed any responsive pleading or appeared in this action. On September 10, 2018, Hames filed a Motion for Entry of Default against Cranford under Federal Rule of Civil Procedure 55(a). (Mot. Def., ECF No. 34.) On September 10, 2018, the Clerk en-

2

tered a Default against Cranford under Rule 55(a). (Clerk's Ent. Def., ECF No. 34.)

On September 11, 2018, Hames moved for Default Judgment as to Defendant Jeffrey Cranford under Federal Rule of Civil Procedure 55(b)(2). (Mot. Def. Judg., ECF No. 36.) The Court denied Hames's motion because she had not offered sufficient evidence to support damages. (Order, ECF No. 37.) The Court had before it only the allegations in the Amended Complaint and an affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts. (See id.)

## II. Jurisdiction

Federal courts must consider their subject-matter jurisdiction in every case. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Before a court can enter default judgment, it must establish that it has subject-matter jurisdiction. See Wright, et al., 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed.).

On February 22, 2018, SunTrust and Citibank filed a Notice of Removal, removing the case to this Court. (ECF No. 1.) The Notice of Removal asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a), making removal proper under 28 U.S.C. § 1441(a). To come within the Court's diversity jurisdiction: (1) no plaintiff may be a citizen of the same state as any defendant; and (2) the amount in controversy must be

3

greater than $75,000.00.  28 U.S.C. § 1332(a)(1); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806) (establishing the requirement of complete diversity).

Hames is a resident and citizen of Tennessee.  (Id. ¶ 8.) SunTrust is a citizen of Georgia because it is a Georgia corporation and has its principal place of business in Atlanta, Georgia.  (Id. ¶ 9; see 28 U.S.C. § 1332(c).)  Citibank, N.A. is national banking association.  (ECF No. 1 ¶ 10.)  For purposes of diversity, a national banking association is a citizen of the "State designated in its articles of association as its main office."  Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 306 (2006) (citing 28 U.S.C. § 1348).  Citibank, N.A.'s main office, as designated in its articles of association, is in Sioux Falls, South Dakota.  (Id.)  Citibank, N.A. is a citizen of South Dakota.

The Court cannot determine Cranford's state of citizenship.  When the case was removed to this Court, Cranford was named in the caption as John Doe, a fictious party.  At the time of removal, federal courts need not consider the citizenship of fictious parties.  See 28 U.S.C. § 1441(b).  At this stage, however, Hames has filed an Amended Complaint identifying Cranford as the fictious party.  "[I]n a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be de-

4

termined at the time of the filing of the amended complaint." See Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 540 (6th Cir. 2006) (holding that diversity jurisdiction is lost when a plaintiff amends the complaint to identify a previously fictious defendant who is nondiverse).

For purposes of diversity jurisdiction, a person is a citizen of the state in which he is domiciled. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Smith v. Queener, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." Smith, at *2 (quoting Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)) (internal quotations omitted). The Amended Complaint represents that Cranford "is an individual who undertook actions in Shelby County, Tennessee involving the Plaintiff, and may be served with process at 19205 San Miguel Ave., Castro Valley, California . . . ." (ECF No. 20 ¶ 4.) The Amended Complaint does not allege that Cranford is domiciled in a particular state.

The Court cannot assume that Cranford is a citizen of California because he may be served there. The basis for federal jurisdiction cannot be "supplied by inference." Mason v. Lockwood, Andrews & Newnam, P.C., 842 F.3d 383, 391 (6th Cir. 2016), 842 F.3d at 391 (quoting La Belle Box Co. v. Stricklin,

5

218 F. 529, 533 (6th Cir. 1914)) (internal quotations omitted). Well-pled allegations are required.

It is well-established that the party "invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998). As the removing parties, SunTrust and Citibank bear "the burden of demonstrating federal jurisdiction . . . ." Harnden v. Jayco, Inc., 496 F.3d 579, 581 (6th Cir. 2007). To maintain their action in federal court, SunTrust and Citibank must submit facts showing that there is diversity jurisdiction given the joinder of Cranford.

### III. Conclusion

Within fourteen (14) days after entry of this Order, Sun-Trust Bank and Citibank, N.A. may file an amended notice of removal that contains facts sufficient to support federal jurisdiction. If SunTrust Bank and Citibank, N.A. fail to do so, the case will be remanded to state court under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.

So ordered this 14th day of May, 2019.

                /s/ *Samuel H. Mays, Jr.*
                Samuel H. Mays, Jr.
                UNITED STATES DISTRICT JUDGE