# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| ALLISON HAMES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 2:18-cv-02121-SHM-cgc |
| SUNTRUST BANK; CITIBANK, N.A.; and JEFFREY CRANFORD, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff Allison Hames' February 15, 2019 Second Motion for Default Judgment as to Jeffrey Cranford. (ECF No. 38.) For the following reasons, the motion is DENIED WITHOUT PREJUDICE.

## I. Background

Hames filed a Complaint against Defendants SunTrust Bank ("SunTrust"), Citibank, N.A. ("Citibank"), and a fictitious party labeled John Doe in the Tennessee Circuit Court for the Thirtieth Judicial District at Memphis. (ECF No. 1.) On February 22, 2018, SunTrust removed to this Court on the basis of diversity jurisdiction. (Id.) On May 21, 2018, Hames filed

an Amended Complaint identifying the fictitious party as Jeffrey Cranford. (ECF No. 20.)

Hames' Amended Complaint brings four claims against Defendants: (1) a breach of contract and breach of fiduciary duty claim against SunTrust; (2) a conversion claim against Cranford; (3) a "fraud and/or misrepresentation" claim against Cranford; and (4) a claim for "other reckless and/or negligent actions and/or omissions" against SunTrust and Citibank. (ECF No. 20 ¶¶ 18-38.) Hames seeks $150,000 in compensatory damages from all Defendants "jointly and severally," $500,000 in punitive damages from SunTrust and Citibank, and $1,000,000 in punitive damages from Cranford. (Id. at 7.)

On June 11, 2018, Hames, SunTrust, and Citibank filed a joint motion to stay the proceedings in this case because of a related criminal case in which Cranford is a defendant. (ECF No. 26); see generally United States of America v. Cranford, No. 2:18-cr-20103-JTF (W.D. Tenn.). The Court granted the parties' joint motion and stayed proceedings on June 12, 2018. (ECF No. 27.)

Cranford was served on June 26, 2018. (ECF No. 31-1.) The Summons instructed Cranford to serve an answer on Hames or her attorney within twenty-one days after service. (ECF No. 30.) Cranford has not filed a responsive pleading or appeared in this action. On September 10, 2018, Hames filed a Motion for Entry

of Default against Cranford under Federal Rule of Civil Procedure 55(a). (ECF No. 34.) On September 10, 2018, the Court Clerk entered a Default against Cranford under Rule 55(a). (ECF No. 35.)

On September 11, 2018, Hames moved for Default Judgment as to Defendant Jeffrey Cranford under Federal Rule of Civil Procedure 55(b). (ECF No. 36.) The Court denied Hames' motion because she had not offered sufficient evidence to support damages. (ECF No. 37.) The Court had before it only the allegations in the Amended Complaint and an affidavit of Hames' counsel, who did not purport to have personal knowledge of the facts. (See id.)

On February 15, 2019, Hames filed a Second Motion for Default Judgment as to Defendant Jeffrey Cranford under Federal Rule of Civil Procedure 55(b). (ECF No. 38.)[1] On May 14, 2019, the Court ordered SunTrust and Citibank to submit evidence sufficient to establish diversity jurisdiction following the May 21, 2018 joinder of Cranford as a defendant. (ECF No. 39.) On May 24, 2019, SunTrust and Citibank filed an Amended Notice of Removal. (ECF No. 40.)

---

[1] Hames says in her motion that she moves "pursuant to Rule 55(b)(1)." (ECF No. 38 at 1.) That rule addresses entry of default judgment by the Court Clerk for a sum certain. The Court construes Hames' motion under Rule 55(b)(2), which addresses entry of default judgment by the Court.

3

## II. Jurisdiction

Federal courts must consider their subject-matter jurisdiction in every case. Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). Before a court can enter default judgment, it must establish that it has subject-matter jurisdiction. 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (4th ed. 2019).

The Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a). The requirements for diversity jurisdiction are: (1) no plaintiff may be a citizen of the same state as any defendant; and (2) the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

For purposes of diversity jurisdiction, a person is a citizen of the state in which he is domiciled. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Smith v. Queener, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018). The Court previously found that Hames, SunTrust, and Citibank are citizens of Tennessee, Georgia, and South Dakota, respectively. (ECF No. 39 at 4.) In their Amended Notice of Removal, SunTrust and Citibank submit several documents from Cranford's related criminal case indicating that Cranford is a resident of California. (ECF No. 40 at 4-5; see also ECF Nos.

4

40-3 (Indictment); 40-6 (Cranford's Mot. for Waiver of Appearance at Report Dates/Status Conference); 41-1 (Conditions of Release and Appearance); 41-2 (Cranford's Mot. to Continue Trial).) "As a general rule, the place where a person lives is taken to be his proper domicile until the evidence establishes the contrary." Hayes v. Cowans, No. 14-cv-2366, 2014 WL 2972298, at *13 (W.D. Tenn. July 2, 2014) (citing Dist. of Columbia v. Murphy, 314 U.S. 441, 455 (1941)). Cranford has submitted no contrary evidence. The Court finds that Cranford is a citizen of California and that the parties are completely diverse.

The amount-in-controversy requirement is satisfied. Hames alleges that the amount in controversy exceeds $75,000. (ECF No. 20 at 7.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

**III. Analysis**

Rule 55(b) of the Federal Rules of Civil Procedure governs default judgments. See Fed. R. Civ. P. 55(b). Once the Court Clerk has entered a default, all well-pled allegations are deemed admitted, except those concerning damages. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995). As to damages, "[t]he allegations in the complaint . . . are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."

5

Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). Whether to enter a default judgment is a matter of "sound judicial discretion." Wright, et al., Federal Practice and Procedure § 2682.

A plaintiff seeking a default judgment must fulfill several procedural obligations. See Broad. Music, Inc. v. Marler, No. 1:09-cv-193, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009). She must: (1) properly serve the defendant with process; (2) demonstrate that the opposing party has failed to answer or otherwise respond to the complaint; (3) submit an affidavit stating that the defendant is not an infant or an incompetent person; and (4) submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service. Id.; see also Penn. Higher Educ. Assistance Agency v. Reinhart, No. 1:11-cv-125, 2012 WL 3890245, at *2-3 (E.D. Tenn. Aug. 17, 2012).

In Hames' second motion for default judgment, she submits a sworn affidavit to support her claim for damages. (ECF No. 38-2.) A sworn, uncontested affidavit may serve as sufficient evidence of damages for default judgment. See Dirs. of Ohio Conference of Plasterers & Cement Masons Combined Funds, Inc. v. Indus. Contracting Co., No. 5:17-cv-125, 2017 WL 6028247, at *2

(N.D. Ohio Dec. 4, 2017).  There are, however, other deficiencies in Hames' motion.

First, default judgment is not appropriate at this juncture because proceedings in this case have been stayed.  The Court stayed proceedings on June 12, 2018 because of Cranford's related criminal case.  (ECF No. 27.)  As long as proceedings are stayed, the Court will not enter a default judgment.  See Joe Hand Promotions, Inc. v. Blackburn, No. 7:11-cv-276, 2013 WL 4068165, at *2 (E.D.N.C. Aug. 12, 2013) (declining to enter default judgment as to defendant against whom proceedings were stayed).

Second, there are procedural defects in Hames' motion: (1) it lacks an affidavit stating that Cranford is not a minor and is not incompetent, and (2) it lacks an affidavit stating that Cranford is not in military service.  These are prerequisites to an entry of default judgment.  See Broad. Music, 2009 WL 3785878, at *4.  Hames has not provided the necessary proofs, and the Court will not presume them.

**IV.  Conclusion**

For the foregoing reasons, Hames' Second Motion for Default Judgment is DENIED WITHOUT PREJUDICE.

So ordered this 6th day of September, 2019.

                                       /s/ *Samuel H. Mays, Jr.*
                                       Samuel H. Mays, Jr.
                                       UNITED STATES DISTRICT JUDGE