IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ALLISON HAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-02121-SHM-cgc |
| | ) | |
| SUNTRUST BANK; | ) | |
| CITIBANK, N.A.; | ) | |
| and JEFFREY CRANFORD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER

Before the Court is Plaintiff Allison Hames's November 12, 2019 Motion to Lift Stay. (ECF No. 43.) Defendants SunTrust Bank ("SunTrust") and Citibank, N.A. ("Citibank") responded on November 26, 2019. (ECF Nos. 45-46.)

Also before the Court is Hames's November 12, 2019 Third Motion for Default Judgment as to Defendant Jeffrey Cranford. (ECF No. 44.)

For the following reasons, the Motion to Lift Stay is DENIED. The Third Motion for Default Judgment is DENIED.

I. Background

This case arises from alleged electronic fraud. Hames alleges that, in May 2017, Cranford posed as a representative of

the closing company for Hames's purchase of a home in Shelby County, Tennessee, and defrauded Hames of approximately $76,000 via wire transfer. (ECF No. 20 ¶¶ 6, 9-11.) Hames alleges that the money was wired from her SunTrust money market account into Cranford's Citibank account. (Id. ¶¶ 7, 10, 13, 15.) Hames alleges that she asked SunTrust to cancel the wire transfer, but that SunTrust allowed the transaction to proceed. (Id. ¶¶ 12-14.) She alleges that the money was "improperly deposited into an account owned and/or used by Jeffrey Cranford at Citibank." (Id. ¶ 15.)

On January 11, 2018, Hames filed a Complaint against SunTrust, Citibank, and a fictitious party named John Doe in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis. (ECF No. 8-1 at 4-11.) On February 22, 2018, SunTrust removed to this Court. (ECF No. 1.) On May 21, 2018, Hames filed an Amended Complaint identifying Cranford as the fictitious party. (ECF No. 20.) In the Amended Complaint, Hames asserts four claims: (1) a "breach of contract and breach of fiduciary duty" claim against SunTrust; (2) a conversion claim against Cranford; (3) a fraud claim against Cranford; and (4) a claim for "other reckless and/or negligent actions and/or omissions" against SunTrust and Citibank. (Id. ¶¶ 18-38.)

On June 11, 2018, Hames, SunTrust, and Citibank filed a joint motion to stay proceedings for 120 days because of a

2

related criminal case in this District in which Cranford has been indicted on charges of conspiracy to commit fraud; wire fraud; and money laundering. (ECF No. 26); see generally United States of America v. Cranford, No. 2:18-cr-20103-JTF (W.D. Tenn.).[1] In their joint motion to stay proceedings, the parties represented that, "[b]ased on the information contained in Defendant Cranford's indictment, the Parties believe that Defendant Cranford's criminal matter may affect the proceedings in the instant matter," and that "the Parties believe that more information regarding Defendant Cranford's criminal matter may narrow the focus of the instant litigation and avoid unnecessary costs of litigation." (ECF No. 26 ¶¶ 6-7.) On June 11, 2018, the Court granted the parties' joint motion, stayed the case, and ordered that SunTrust and Citibank "shall file a responsive pleading . . . within twenty-one (21) days from the date of entry of an Order lifting the stay." (ECF No. 27.) The Court has not entered an order lifting the stay.

While the case has been stayed, Hames has twice moved unsuccessfully for default judgment against Cranford, who has not appeared in the case. (See First Motion for Default

---

[1] Citations to (Cr. ECF No. ##) refer to Cranford's related criminal case. On April 19, 2018, Cranford was charged in the related criminal case with conspiracy to commit fraud and money laundering. (See Cr. ECF No. 1.) On July 23, 2019, a superseding indictment issued charging Cranford with conspiracy to commit fraud; wire fraud; and money laundering. (See Cr. ECF No. 41.)

3

Judgment, ECF No. 36; Second Motion for Default Judgment, ECF No. 38.) On October 4, 2018, the Court denied Hames's First Motion for Default Judgment because it lacked proof of damages. (See ECF No. 37.) On September 6, 2019, the Court denied Hames's Second Motion for Default Judgment because of procedural defects in the motion and because the case was stayed. (See ECF No. 42.)

On November 12, 2019, Hames filed the Motion to Lift Stay and the Third Motion for Default Judgment. (ECF Nos. 43-44.)

**II. Standard of Review**

"The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary." Ellis v. Merck & Co., No. 06-cv-1005, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). "While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." Chao v. Fleming, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007).

Courts in this Circuit consider the following factors when determining whether to grant or continue a stay of a civil action:

(1) the extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) the status of the case, including whether the defendants have been indicted;

(3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay;

(4) the private interests of and burden on the defendants;

(5) the interests of the courts; and

(6) the public interest.

FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014); see also Eastwood v. United States, No. 2:06-cv-164, 2008 WL 5412857, at *2-7 (E.D. Tenn. Nov. 14, 2008) (considering these factors in determining whether to grant a motion to lift stay). "In addition to those factors, district courts should consider the extent to which the defendant's fifth amendment rights are implicated." E.M.A. Nationwide, 767 F.3d at 627 (quotation marks and citations omitted). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Id. at 627-28 (citing Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977)).

**III. Analysis**

   **A. Motion to Lift Stay**

Hames moves to lift the stay. (ECF No. 43.) In her Motion to Lift Stay, Hames asserts that, "[o]n June 11, 2018, this Court granted [the parties'] Joint Motion to stay these proceedings 120 days," and that "the 120 days has now passed and the Plaintiff wishes to proceed forward in this matter and also proceed forward with her Motion for Default Judgment against Defendant Cranford." (Id. at 1.)

SunTrust and Citibank oppose the Motion to Lift Stay. (ECF Nos. 45-46.) In their responses to the Motion to Lift Stay, SunTrust and Citibank note that Cranford's related criminal case remains pending. (See ECF No. 45 at 4; ECF No. 46 at 3-4.) SunTrust and Citibank have met their burden to show that the stay should be continued at this time. The relevant factors support continuing the stay during the pendency of Cranford's criminal proceeding.

First, the issues in Cranford's related criminal case overlap significantly with the issues in this civil action. The fraud charges in the related criminal case arise from the same facts and events from which Hames's civil claims arise. (Compare Superseding Indict., Cr. ECF No. 41 ¶ 38, with Am. Compl., ECF No. 20 ¶¶ 6-15.) "'[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is

where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.'" Chao, 498 F. Supp. 2d at 1037 (quoting SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980)).

Second, the proceedings in the related criminal case are at an advanced stage. Cranford was indicted on April 19, 2018, and a superseding indictment issued on July 23, 2019. (Cr. ECF Nos. 1, 41.) On February 21, 2020, the Court in the related criminal case noted that "[d]iscovery is complete" and the "[p]arties request additional time to prepare[.]" (Cr. ECF No. 104.)

Third, Hames identifies no particular prejudice that will result from further delay pending the resolution of the related criminal case, which is proceeding apace and may be resolved in the coming months.

Fourth, the private interests of SunTrust and Citibank weigh in favor of continuing the stay. As SunTrust notes, SunTrust and Citibank may be able to lessen some of the costs of defending in this civil action, depending on the outcome of the related criminal case. (See ECF No. 46 at 4.)

Fifth, judicial economy is served by continuing the stay until the related criminal case is resolved. As courts have noted in similar cases, "[t]he resolution of the criminal proceedings may serve to expedite the civil proceedings, avoiding the needless expense of judicial time and resources." Auramet

7

Int'l, LLC v. Metals, No. 16-cv-11177, 2016 WL 4087234, at *4 (E.D. Mich. Aug. 2, 2016) (collecting cases) (quotation marks and citations omitted).

Sixth, the public interest does not favor either party.

Seventh, Cranford's Fifth Amendment rights are implicated in this case. A criminal defendant's Fifth Amendment privilege against self-incrimination remains in effect until after conviction and sentencing. See Mitchell v. United States, 526 U.S. 314, 326 (1999). Cranford has not appeared in this case, but if he were to appear before the related criminal case is resolved, any assertion by Cranford of his Fifth Amendment rights would complicate the civil proceedings. See, e.g., Fed. Express Corp. v. Caruso, No. 2:14-cv-02337, 2015 WL 12867319, at *2 (W.D. Tenn. May 18, 2015).

SunTrust and Citibank have met their burden to show that the stay should be continued pending the outcome of Cranford's related criminal case. The Motion to Lift Stay is DENIED.

### B. Third Motion for Default Judgment

As the Court stated in its Order denying Hames's Second Motion for Default Judgment, "[a]s long as proceedings are stayed, the Court will not enter a default judgment." (ECF No. 42 at 7.) The case remains stayed at this time. The Third Motion for Default Judgment is DENIED.

**IV. Conclusion**

For the foregoing reasons, the Motion to Lift Stay is DENIED.  The Third Motion for Default Judgment is DENIED.

So ordered this 7th day of April, 2020.

        /s/ *Samuel H. Mays, Jr.*
        Samuel H. Mays, Jr.
        UNITED STATES DISTRICT JUDGE