**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**ALLISON HAMES,**

**Plaintiff,**

**v.** **No. 2:18-cv-02121-SHM-cgc**
**JURY DEMANDED**

**SUNTRUST BANK,**
**CITIBANK, N.A., and**
**JEFFREY CRANFORD,**

**Defendants.**

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

COMES NOW the Plaintiff, Allison Hames, by and through her legal counsel of record, Kevin A. Snider of Snider & Horner, PLLC, and Memorandum in Support of Plaintiff's Response in Opposition to Defendants' Motions to Dismiss Plaintiff's Amended Complaint filed with this Court on June 20, 2023, and June 21, 2023, would state and show as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

The case at bar concerns an ongoing dispute surrounding a wire transfer of Plaintiff's funds at Defendant SunTrust Bank[1] (hereinafter "SunTrust" or "Bank Defendants") being improperly deposited into an account owned by Defendant Jeffrey Cranford (hereinafter "Cranford") at

[1] SunTrust Bank is now known as "Truist Bank." To avoid confusion, and for consistency with prior pleadings, they will be remain referred to as "SunTrust" throughout this response.

Defendant Citibank N.A. (hereinafter "Citibank" or "Bank Defendants") in May of 2017. The Plaintiff alleges, and is apparently not disputed, that despite requesting her May 26, 2017, wire transfer of $76,360.55 from SunTrust to an account at Citibank be cancelled on the morning of May 30, 2017, once she discovered it was fraudulent, the transfer was still processed and completed on the afternoon of May 30, 2017.

On January 2, 2018, Plaintiff filed the original Complaint asserting a number of state law causes of action: (1) Breach of Contract and Breach of Fiduciary Duty, (2) Conversion, (4) Fraud and/or Misrepresentation, and (5) Other Reckless and/or Negligent Actions and/or Omissions. Plaintiff's Amended Complaint, the pleading at issue in this case, was then filed on May 21, 2018, once Defendant Cranford was identified for his criminal involvement. The Amended Complaint named Cranford as a Defendant, as well as corrected the numbering of the causes of action. The causes of action directed at the Bank Defendants, SunTrust and Citibank, were claim numbers one and five, breach of contract and breach of fiduciary duty and other reckless and/or negligent actions and/or omissions.

On June 20, 2023, Defendant SunTrust filed their Motion to Dismiss. On June 21, 2023, Defendant Citibank filed their Motion to Dismiss.

In their Motions to Dismiss, Bank Defendants take the position that, although Plaintiff requested SunTrust cancel the wire transfer of funds right as she discovered it was fraudulent, and Citibank had an option to give consent to the cancellation and did not do so, they are not liable to Plaintiff and it was not their duty to stop the fraudulent transmission. They depend on the argument that all claims that are brought against them are relating exclusively to processing of a wire transfer, which are preempted by UCC Article 4A and Division 11 of California Code.

Bank Defendants also take the position that, in the event neither Article 4A nor Division 11 preempt Plaintiff's claims, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), Courts may dismiss a Complaint for failure to state a claim upon which relief can be granted. A Motion to Dismiss for failure to state a claim for relief challenges only the legal sufficiency of the Complaint, not the strength of the plaintiff's proof or evidence. *Webb v. Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. 2011). When considering a Motion to Dismiss for failure to state a claim, courts must construe the Complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *Stewart v. Schofield*, 368 S.W.3d 457 (Tenn. 2012) (citing *id*.). By filing a Motion to Dismiss, a defendant "admits the truth of all of the relevant and material allegations contained in the Complaint, but . . . asserts that the allegations fail to establish a cause of action." *Hayes v. City of Memphis*, No. W2014-01962-COA-R3-CV, 2015 WL 5000729, at *7 (Tenn. Ct. App. Aug. 21, 2015) (citing *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010). Additionally, courts must give effect to the substance, rather than the form or terminology of the pleading. *Abshure v. Methodist Healthcare-Memphis Hosps*., 325 S.W.3d 98, 104 (Tenn. 2010). Under this standard, a court should decline to grant a Rule 12(b)(6) motion, so long as the plaintiff's Complaint "contain[s] sufficient factual allegations to articulate a claim for relief" and "raise the pleader's right to relief beyond the speculative level." *Id*. at 103.

Applying this standard and as noted above, the original Complaint as well as the Plaintiff's Amended Complaint filed with this Court on or about May 21, 2018, clearly articulate both the

factual and legal basis of the claims being made by the Plaintiff against Bank Defendants. As such, the Plaintiff's pleadings are clearly sufficient to satisfy the requirements of the Federal Rules of Civil Procedure.

## LAW AND ARGUMENT

### A. A Rule 12(b)(6) Motion to Dismiss is not the appropriate motion through which to bring summary judgment type arguments to this Court's attention.

Bank Defendants argue that the allegations raised in the Complaint arise out of conduct relating exclusively to processing of a wire transfer, and therefore are preempted by UCC Article 4A and Division 11 of California Uniform Commercial Code. This argument is not appropriate for presentation in a Rule 12(b)(6) motion, but rather involves legal issues and disputes which are more appropriately handled later in litigation as a summary judgment motion filed under Rule 56. In addition, Bank Defendants state documents they refer to in their motions, which are outside of the Complaint, are integral to Plaintiff's claims, and therefore may be considered without converting their motions to dismiss into motions for summary judgment. This argument is invalid, as the evidence Bank Defendants refer to is not integral to Plaintiff's claims. When reviewing a motion to dismiss, the district court may not consider matters beyond the complaint. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). The evidence introduced by Bank Defendants is outside the Complaint. If the district court does consider evidence outside the complaint, "it effectively converts the motion to dismiss to a motion for summary judgment." *Id.*; see also *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Pursuant to Fed. R. Civ. P. 12(b), if the motion shall be treated as one for summary judgment, it shall be disposed of and all parties shall be given reasonable opportunity to present all material made pertinent to such a

motion by Rule 56. *See also Attwell v. Lasalle Nat'l Bank*, 607 F.2d 1157, 1161 (5th Cir. 1979). Therefore, it is the inappropriate motion for Bank Defendants to argue legal issues or introduce non-integral documents to the Court. These arguments are more fit for a motion for summary judgment after the parties, especially the Plaintiff, complete discovery.

**B. <u>Plaintiff's Complaint contains sufficient factual allegations to articulate a claim for relief.</u>**

Bank Defendants take the position that, in the event neither Article 4A nor Division 11 preempt Plaintiff's claims, Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. Unlike their previous argument, this argument is appropriate for a Motion to Dismiss, however, this argument is invalid. To the contrary, Plaintiff's claims have been set out in a clear and concise manner in the Amended Complaint. In summary, the Plaintiff has averred that Bank Defendants improperly deposited funds via wire transfer from Plaintiff's account at SunTrust into an account owned by Defendant Cranford at Citibank, despite Plaintiff's request for cancellation being made after discovering fraudulent activity. This is not only stated with particularity – it appears to be an undisputed fact.

To Bank Defendants, "it may appear on the face of the pleadings that recovery is very remote and unlikely, but that is not the test." *Scheuer v. Rhodes*, 6 416 U.S. 232, 236 (1974). A claim should only be dismissed if, under no circumstances, would the allegations establish a cause of action. *Webb*, 346 S.W.3d at 426. As a threshold matter, the Bank Defendants' Motions to Dismiss must be denied because the Plaintiff clearly set forth sufficient factual elements establishing that they are entitled to relief. *See Byars v. Frazier*, No. W2011-01771-COA-R3-CV (Tenn. Ct. App. Jul. 10, 2012) (finding that the lower court committed reversible error in granting

defendant's Motion to Dismiss). A cursory review of the Complaint makes it clear that the Plaintiff has alleged distinct facts showing a palpable injury caused by Bank Defendants under multiple causes of action as outlined and described above. As a result of these actions, Plaintiff has continued to be subject to extensive litigation, attorney fees, and ongoing emotional distress. In the context of a Rule 12(b)(6) Motion to Dismiss, the Court must presume all of Plaintiff's factual allegations to be true, giving Plaintiff the benefit of all reasonable inferences. *Webb*, 346 S.W.3d at 426.

In paragraphs numbered 18, 21, 22, 33, 35, and 36 of the Complaint, Plaintiff states as follows regarding her claims, which also incorporates by reference all of the factual allegations from the previous paragraphs of the Complaint:

> 18. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.
>
> 21. SunTrust and/or its employees, agents, representatives, and/or other individuals working on its behalf, materially breached the parties' contract by refusing and/or failing to timely process the cancellation of the wire transfer.
>
> 22. Moreover, the Plaintiff would aver that as a valued customer of SunTrust, said Defendant had a fiduciary and/or duty to timely and properly act on the Plaintiff's behalf.
>
> 33. The Plaintiff reincorporates all of the other paragraphs of this Complaint as if fully stated herein.
>
> 35. At the times relevant herein, SunTrust and Citibank had a duty to exercise reasonable care and skill in conducting bank activities with both customers and consumers. Said Defendants likewise had a duty to protect customers and consumers from fraudulent activities by third parties including but not limited to properly vetting customer accounts, detecting suspicious activity, and more. Finally, said Defendants also had a duty to timely and properly process cancellations of wire transfers with notified about fraudulent activity.
>
> 36. In taking the aforementioned actions and/or engaging in the above mentioned omissions, SunTrust and Citibank breached its duty of care and skill to the Plaintiff by essentially allowing Cranford to steal the Plaintiff's funds.

Taking the allegations of the Plaintiff's Complaint as true, as this Court must do when ruling on a Rule 12(b)(6) Motion to Dismiss, Bank Defendants' argument is nonsensical, as it is clear that Plaintiff has set forth sufficient facts demonstrating an entitlement to relief for the claims alleged.

## CONCLUSION

The Plaintiff has met the pleading standard of the Federal Rules of Civil Procedure and has stated multiple claims against Bank Defendants, SunTrust and Citibank, that should be allowed to proceed. Furthermore, Bank Defendants' Motions are without merit and should be summarily denied by this Court and for any other relief that is just and proper. To the extent that this Honorable Court finds the Plaintiff's Amended Complaint inadequate in some respect, Plaintiff requests leave of Court to file an Amended Complaint to cure any such identified deficiency. Based on the foregoing arguments and authorities, Defendants' Motions to Dismiss should be DENIED.

Respectfully submitted,

SNIDER & HORNER, PLLC

s/ *Kevin A. Snider*
Kevin A. Snider (TN #18231)
Corporate Gardens
9056 Stone Walk Place
Germantown, TN 38138
(901) 751-3777
ksnider@kevinsnider.com
*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system:

/s/ *Kevin A. Snider*
Kevin A. Snider