**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION**

ALLISON HAMES,

Plaintiff,

v.

SUNTRUST BANK, CITIBANK, N.A., and JEFFERY CRANFORD,

Defendants.

Case No. 2:18-cv-02121-SHM-cgc
JURY DEMANDED

**TRUIST BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Truist Bank ("Truist"), formerly known as SunTrust Bank, hereby files this Reply in support of its Motion to Dismiss Plaintiff Allison Hames' ("Hames") Amended Complaint for Damages ("Complaint", ECF No. 20) as follows:

I. Hames Does Not Dispute that Each of Her Claims are Displaced by Article 4A of the UCC.

Both Truist and CitiBank[1] argue that Hames' Complaint does not state a claim upon which relief may be granted because she pleads only common law claims for negligence, breach of contract and breach of fiduciary duty, all of which are displaced by Article 4A of the Tennessee UCC. In her response, Hames cites no authority to refute this argument; she merely claims that the Bank Defendants cannot raise it in a Rule 12(b)(6) motion. The Bank Defendants' argument is not premature, however. Courts routinely dismiss, at the Rule 12 stage, common-law claims against financial institutions arising out of the processing of wire transfers on the basis they are displaced by the UCC. *See, e.g.*, *Ma v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84,

[1] Collectively, the "Bank Defendants."

90 (2d. Cir. 2010); *Sunset Comm. Health Center, Inc. v. Capital One Fin. Corp.*, __ F.Supp.3d __, 2023 WL 359674, at *6 (D. Minn. 2023); *Approved Mortgage Corp. v. Truist Bank*, __ F.Supp.3d __, 2022 WL 16635290, at *7-9 (S.D. Ind. 2022); *McLaughlin v. Comerica Bank*, 2022 WL 16040109, at *6 (E.D. Mich. 2022); *Berry v. Regions Fin. Corp.*, 507 F.Supp.3d 972, 979 (W.D. Tenn. 2020); *Mar-Chek, Inc. v. Manufacturers and Traders Trust Co.*, 2019 WL 3067501, at *7 (D. Md. 2019); *Atlantic Energy Group, Ltd. v. Northeast Direct Corp.*, 53 F.Supp.3d 810, 814-16 (D.S.C. 2014).

All of Hames' alleged causes of action against Truist are common-law claims that arise out of Truist's processing of wire transfer instructions Hames provided, which is a situation expressly addressed by Article 4A. As a matter of law, Article 4A displaces all such claims. *See Wright v. Citizen's Bank of E. Tenn.*, 640 Fed.Appx. 401, 406 (6th Cir. 2016). And because Hames does not even attempt to state a claim under Article 4A, there is no basis upon which the Court could grant her relief against Truist. There is no sound reason to subject Truist to the additional expense of discovery when dismissal is appropriate now.

II. <u>Hames Cites an Incorrect Legal Standard</u>.

In discussing the applicable standard of review, Hames contends that the Court must deny Truist's Motion to Dismiss so long as her Complaint "contains sufficient factual allegations to articulate a claim for relief" and "raises the pleader's right to relief beyond the speculative level." Pl's. Memo. in Supp. of Resp. to Mtns. to Dismiss ("Pl's. Memo."), at 3. In support thereof, she cites only to cases from Tennessee state appellate courts that were decided after *Bell Atlantic, Inc. v. Twombly* and *Ashcroft v. Iqbal*. But as the Court knows, the Tennessee Supreme Court has expressly declined to adopt the Federal *Twombly/Iqbal* pleading standard. *See Webb v. Habitat for Humanity, Inc.*, 346 S.W.3d 422, 430 (Tenn. 2011) ("We decline to adopt the new plausibility

standard [of *Twombly/Iqbal*] and adhere, for the following reasons, to the notice pleading standard and the principles discussed in section 1 above that have long governed Tennessee pleading practice.")

Under the controlling *Twombly/Iqbal* standard, Hames must do more than merely "raise [her] right to relief beyond the speculative level." She must allege sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). This Hames cannot do.

III. Applying the Correct Pleading Standard, Hames Fails to State a Plausible Claim for Relief Against Truist.

In attempting to avoid dismissal, Hames misleadingly argues that her Complaint pleads that the Bank Defendants "improperly deposited funds via wire transfer from Plaintiff's account at SunTrust into an account owned by Defendant Cranford at Citibank, despite Plaintiff's request for cancellation being made after discovering fraudulent activity." Pl.'s Memo, at 5. She goes so far as to claim that this is an "undisputed fact." *Id*. But the Complaint as pled tells an entirely different story.

According to Hames, she received an email on May 26, 2017 directing her to send a wire transfer as a down payment for the purchase of a home. Complaint, ¶¶ 6-9. Notably, Hames then pleads that she contacted Truist and arranged for the wire transfer to be completed based on the instructions she was given. Complaint, ¶ 10. Truist then processed the wire exactly as Hames instructed on May 26. Truist Motion to Dismiss, Exhs. 2-3. On the next business day, May 30, Hames first notified Truist that she believed Cranford had defrauded her. Complaint, ¶ 12.

Two facts are dispositive. First, Hames pleads that she arranged for Truist to send the wire transfer using the instructions Cranford emailed to her. This belies any argument that Truist "improperly" transferred the money, because Hames authorized the payment order directing it to

do so. *See* Tenn. Code Ann. § 47-4A-202(a). Second, Truist completed the wire transfer before Hames first notified it of Cranford's wrongdoing. As such, Truist simply cannot be held liable for transmitting funds in accordance with an authorized payment order when it had no knowledge that the order was erroneous or fraudulent. *See* Tenn. Code Ann. § 47-4A-211(c); *Trivedi v. Wells Fargo Bank, N.A.*, 609 F.Supp.3d 628, 632 (N.D. Ill. 2022); *Sherlock Investments-Duvall LLC v. Intercoastal Auto Brokers & Logistics, LLC*, 2020 WL 4729066, at *4 (W.D. Wash. 2020).

In an attempt to avoid this inevitable result, Hames argues the Court should not consider the plain, immutable fact that the transfer was completed on May 26 because doing so requires reference to the wire transfer forms Truist attaches to its Motion to Dismiss. Hames does not dispute that the forms are authentic. She merely asserts that they are "non-integral" to the Complaint (without explaining why) and therefore cannot be considered on a Rule 12(b)(6) motion. On the contrary, in at least two fraudulent wire transfer cases with similar procedural postures, Federal courts have found that similar wire transfer forms may be considered without converting the motion to a motion for summary judgment because they are integral to the plaintiff's allegations and help fill in crucial factual detail left out of the complaint. *See Harborview Cap. Partners, LLC v. Cross River Bank*, 600 F.Supp.3d 485, 489-90 (D.N.J. 2022) ("The Unaltered Wire Forms are not merely referred to in the Complaint; they constitute much of the factual underpinning of [Plaintiff']s claims….[Plaintiff] makes no substantial argument that these Unaltered Wire Forms are not authentic copies of the ones it submitted to [Defendant]. [Plaintiff] cannot describe and rely upon the forms in its complaint while shielding them from scrutiny. The Court will consider the Unaltered Wire Forms on this motion."); *see also Atlantic Energy Group*, 53 F.Supp.3d at 812 n.2. In the light most favorable to Hames, the facts as alleged show that Hames authorized the wire transfer to Cranford's account, Truist followed her instructions without

having any knowledge of the fraud, and the transfer was complete well before Hames (or Truist) learned of the fraud. Under these circumstances, it would be futile to require Truist to go through discovery when Hames cannot plausibly alleged that Truist harmed her.

**CONCLUSION**

Based on the foregoing, Defendant Truist Bank moves this Court to dismiss it as a defendant from Plaintiff Allison Hames' Amended Complaint for Damages for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*/s/ Stephen M. Montgomery*

Amy Sabbota Gottlieb (MI Bar P67020)
Dickinson Wright PLLC
2600 West Big Beaver Road, Suite 300
Troy, Michigan 48084
Telephone: 248.433.7286
Facsimile: 844.670.6009
agottlieb@dickinsonwright.com

Stephen M. Montgomery (TN Bar 026489)
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, Tennessee 37219
Telephone: 615.244.6538
Facsimile: 844.670.6009
smontgomery@dickinsonwright.com

*Counsel for Defendant Truist Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the Court's CM/ECF system.

*/s/ Stephen M. Montgomery*
Stephen M. Montgomery