**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION**

| | |
|---|---|
| ALLISON HAMES,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST BANK, CITIBANK, N.A., and JEFFERY CRANFORD,<br><br>Defendants. | Case No. 2:18-cv-02121-SHM-cgc<br>JURY DEMANDED |

**REPLY IN SUPPORT OF DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES**

Defendant Citibank, N.A. ("Citibank") submits its reply to Plaintiff's Response in Opposition to Defendants' Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 61 and 61-1) under Local Rule 12.1(c) as follows:

**ARGUMENT**

**I. It is Appropriate for the Court to Consider Citibank's Preemption Argument at this Stage of the Proceedings.**

Citibank established in its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint that Plaintiff's single claim against Citibank is preempted by Article 4A of the Tennessee Uniform Commercial Code or, in the alternative, Division 11 of the California Uniform Commercial Code as a matter of law. (*See* ECF No. 60-1 at PageID 309–315.) Plaintiff fails to squarely address this argument in her response brief. (*See* ECF No. 61-1 at PageID 324–325.) Instead, Plaintiff attempts to sidestep Citibank's preemption argument by asserting that it "is not appropriate for presentation in a Rule 12(b)(6) motion" because this argument "involves legal issues and disputes which are more appropriately handled later in

litigation as a summary judgment motion filed under Rule 56." (*Id.* at PageID 324.) Yet, Plaintiff cites no law in support of this proposition—presumably because courts routinely address legal issues when considering Rule 12(b)(6) motions. *See, e.g.*, *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 65 F.4th 851, 858–67 (6th Cir. 2023) (affirming dismissal on preemption grounds under Rule 12(b)(6)); *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016) (considering qualified immunity defense asserted in Rule 12(b)(6) motion).

In fact, in *Berry v. Regions Financial Corporation*, a case thoroughly discussed in Citibank's brief (ECF No. 60-1 at PageID 313–314), Judge McCalla ruled that the plaintiffs' proposed amended negligence claim was futile because it was preempted by Article 4A of the Tennessee Uniform Commercial Code. 507 F. Supp. 3d 972, 977–79 (W.D. Tenn. 2020). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* at 977 (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). Thus, the Court in *Berry* ruled that the plaintiffs' negligence claim was preempted at the pleading stage on the same basis requested by Citibank.

Citibank also cited numerous other cases in its brief where the court granted a Rule 12(b)(6) motion because the plaintiff's common-law claim was preempted by the UCC. *See, e.g.*, *Gray v. JPMorgan Chase Bank, N.A.*, No. CV2203090DSFPVCX, 2023 WL 2471381, at *3–4 (C.D. Cal. Mar. 13, 2023) (dismissing the plaintiff's negligence claim under Rule 12(b)(6) because it was preempted by the funds transfer provisions of the UCC); *Forefront Telecare Inc. v. Bank of Am., N.A.*, No. 19-CV-03866-SK, 2019 WL 13201988, at *3 (N.D. Cal. Aug. 21, 2019) (same). Therefore, Plaintiff's argument that this Court should not address Citibank's preemption argument under Rule 12(b)(6) is unsupported and fails.

**II. Plaintiff Erroneously Argues that Citibank Improperly Relied on Matters Outside of the Pleadings in its Motion to Dismiss.**

Citibank and Defendant SunTrust Bank filed separate motions under Rule 12(b)(6). (*See* ECF Nos. 58 and 60.) Plaintiff failed to respond to each motion separately. Instead, she filed a single response to the "Bank Defendants'" motions, referring to the separate defendants as a single unit. In the process, Plaintiff raised arguments in opposition to Citibank's Motion to Dismiss on issues that are not present in Citibank's Motion. Specifically, Plaintiff argues that "Bank Defendants state documents that they refer to in their motions, which are outside of the Complaint, are integral to Plaintiff's claims, and therefore may be considered without converting their motions to dismiss into motions for summary judgment." (ECF No. 61-1 at PageID 324) (emphasis added).

However, the only documents cited in Citibank's Motion to Dismiss—other than the Amended Complaint—were the judgments entered in separate Defendant Jeffrey Cranford's criminal case, which Citibank cited merely for background. (*See* ECF No. 60-1 at PageID 305.) "[A] court ruling on a motion to dismiss '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)) (emphasis in original). Therefore, the Court may consider the criminal judgments cited by Citibank without converting the Motion to Dismiss into one for summary judgment. Moreover, Citibank did not rely on these criminal judgments for any of its substantive arguments, nor did Citibank argue that these judgments were "integral to Plaintiff's claims," as Plaintiff falsely states in her response. (ECF No. 61-1 at PageID 324) The Court should reject Plaintiff's improper attempt to conflate the Defendants' briefs and arguments.

**III. Plaintiff Fails to Establish that Citibank Owed Her a Duty of Care.**

As set forth in Citibank's Motion to Dismiss, in the event the Court finds that Plaintiff's claim is not preempted, she still fails to state a claim for relief because Citibank did not owe Plaintiff a duty of care. (ECF No. 60-1 at PageID 317–18.) "The almost-universal law in this country is that banks owe a duty of care only to their own customers." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357 (6th Cir. 2014) (citing cases). Therefore, as a matter of law, Citibank did not owe Plaintiff a duty of care.

Plaintiff fails to respond to this argument in her response brief. (*See* ECF No. 61-1 at PageID 325–27.) Instead, Plaintiff makes the conclusory argument that "Plaintiff clearly set forth sufficient factual elements establishing that they (sic) are entitled to relief." (*Id*. at PageID 325.) To support this argument, Plaintiff cites to the legal conclusions alleged in the Amended Complaint. (*Id*. at PageID 326.) It is axiomatic that the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn*., 220 F.3d 433, 446 (6th Cir. 2000). Therefore, Plaintiff's legal conclusions cannot support a claim for relief.

At bottom, Plaintiff's negligence claim cannot survive because Citibank did not owe her a duty care as a matter of law. And further, she failed to plead any factual allegations supporting an argument that Citibank owed her a duty of care.

**CONCLUSION**

For these reasons, and for the reasons set forth in Citibank's Motion to Dismiss and Memorandum in Support, Plaintiff's single claim against Citibank is preempted by either Article 4A of the Tennessee Uniform Commercial Code or, in the alternative, Division 11 of the California Uniform Commercial Code. Further, even if Plaintiff's claim is not preempted, Citibank did not owe Plaintiff a duty of care, which is a necessary element of Plaintiff's claim.

This Court should grant Citibank's Motion to Dismiss and dismiss Plaintiff's claim against Citibank with prejudice.

Dated: July 14, 2023.

Respectfully submitted,

s/ Matthew S. Mulqueen
Matthew S. Mulqueen (TN #28418)
Pete A. Brunson (TN #37109)
BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.526.2000
mmulqueen@bakerdonelson.com
pbrunson@bakerdonelson.com

*Counsel for Defendant Citibank, N.A.*