**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **ALLISON HAMES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SUNTRUST BANK, CITIBANK, N.A., and JEFFREY CRANFORD,**<br><br>**Defendants.** | ) | **No. 18-cv-2121-SHM-cgc** |

**ORDER GRANTING DEFENDANT TRUIST BANK'S MOTION TO DISMISS**

Before the Court is Defendant Truist Bank's ("Truist," formerly known as SunTrust Bank) Motion to Dismiss and Accompanying Memorandum. (ECF Nos. 58, 59.) Plaintiff Allison Hames ("Hames") has responded. (ECF No. 61.) Truist has replied. (ECF No. 62.) For the following reasons, the Motion is **GRANTED**.

**I. Background**

In May 2017, Hames was in the process of purchasing a home in Shelby County, Tennessee. (ECF No. 20 at ¶ 6.) On May 26, Hames received an e-mail, which she initially believed was from the company handling the sale of the house, asking for a down payment on the house. (Id. at ¶ 9.) Hames instructed her bank, Truist, to send a down payment to the account listed in the e-mail. (Id. at ¶ 10.) On May 30, Hames learned that the e-mail

she had received was not authentic. (Id. at ¶ 11.) She instructed Truist to cancel the down payment. (Id. at ¶ 12.) Truist had completed the transfer from Hames' account to Defendant Jeffrey Cranford's ("Cranford") account before the cancellation request was processed. (Id. at ¶ 13.) Hames sues Cranford, Truist, and Citibank, N.A. ("Citibank"), where Cranford had the money sent, on a variety of tort claims. (Id. at ¶¶ 18-38.) Pertinent here, she sues Truist for breach of contract, breach of fiduciary duty, negligence, and recklessness. (Id. at ¶¶ 18-23, 33-38.) After Hames brought suit in the Circuit Court of Shelby County, Tennessee, Truist removed the case to federal court. (ECF No. 1.)

## II. Jurisdiction and Choice of Law

### A. Jurisdiction

A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). The Court has original diversity jurisdiction over this case. For purposes of diversity, Hames is a citizen of Tennessee, Cranford is a citizen of California, Truist is a citizen of Georgia, and Citibank is a citizen of South Dakota. (ECF Nos. 1, 22.) There is complete diversity. Hames seeks $1,650,000 in damages. The $75,000 amount-in-controversy requirement is met.

**B. Choice of Law**

A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. Performance Contracting Inc. v. DynaSteel Corp., 750 F.3d 608, 611 (6th Cir. 2014). For tort cases, Tennessee follows the "most significant relationship" approach outlined in the Restatement (Second) of Conflict of Laws. Maverick Grp. Mktg., Inc. v. Worx Env't Prod., Inc., 99 F. Supp. 3d 822, 839 (W.D. Tenn. 2015). Under that approach, the law of the place of the injury will apply unless another state has a more substantial relationship to the occurrence and the parties. Id.

The court considers (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship between the parties is centered. Id. The Court considers all contacts "according to their relative importance with respect to the particular issue." Id.

Hames' loss of money occurred in Tennessee. (ECF No. 20.) The money left Hames' account in Tennessee and went to Cranford's account in California. (Id.) Hames is a resident of Tennessee. Cranford's account was in California. (Id.) Truist is a resident of Georgia. (Id.) Based on the additional factors, no state has

a more substantial relationship than Tennessee. Tennessee substantive law applies.

**III. Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss permits "a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

"To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[The] plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 544. The court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (citing Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations but does not accept legal conclusions or unwarranted facts. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018).

## IV. Analysis

Truist argues that Hames' claims should be dismissed because the common law on which she relies is preempted by the Uniform Commercial Code. Alternatively, Truist argues Hames' common law claims fail as a matter of law. Hames argues that Truist's Motion should be denied because Truist included information not contained in the Amended Complaint, thereby converting it to a Motion for Summary Judgment. Alternatively, Hames argues that the Amended Complaint contains sufficient information to state a claim on which relief can be granted.

### A. Procedural Arguments

Hames argues that Truist's arguments are inappropriate for a motion to dismiss and that Truist's motion relies on information outside the Complaint and should be viewed as a motion for summary judgment. (ECF No. 61 at 4-5.) A district

court may not consider information beyond the complaint when considering a motion to dismiss. Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008). However, where a document is "integral to or explicitly relied upon in the complaint," it "may be considered without converting the motion to dismiss into one for summary judgment" under Rule 56. Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022).

Truist has included five exhibits with its motion to dismiss: a "Receipt of Transfer" form, an "Initiate Wire" form, a "Verification of Client Identity" form, the judgment from the criminal case United States v. Cranford, and the Restitution Order from the same case. (ECF No. 58.)

The first three exhibits are forms related to the wire transfer, which is the crux of the Complaint. Federal courts have held in similar cases that including authentic versions of the wire forms does not convert the motion to dismiss into a motion for summary judgment. E.g., Harborview Cap. Partners, LLC v. Cross River Bank, 600 F.Supp.3d 485, 489-90 (D.N.J. 2022). The exhibits from Cranford's trial are public record, and, in any case, are not relevant to the basis for this Order. None of the exhibits converts Truist's Motion to a motion for summary judgment.

**B. Preemption Argument**

Truist argues that Hames' common-law tort claims are preempted by Article 4A of the Tennessee Uniform Commercial Code ("Article 4A"), Tenn. Code Ann. §§ 47-4A-101 *et seq.*. Hames argues that Truist's preemption argument is inappropriate for a motion to dismiss.

Contrary to Hames' assertion, legal claims can be assessed on a motion to dismiss. Doing so is part of determining whether "the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer, 988 F.2d at 638.

Article 4A displaces common-law claims based on wire transfers if the claims arise out of a situation addressed by Article 4A or attempt to create rights, duties, or liabilities inconsistent with Article 4A. Wright v. Citizen's Bank of E. Tennessee, 640 F. App'x 401, 406-07 (6th Cir. 2016). Truist cites a number of cases purportedly showing that each of Hames' claims is preempted by Article 4A. (ECF No. 59 at 4-5.) Those cases are not controlling here. Although all of the cases address wire fraud, they do not establish that Article 4A preempts all common-law claims based on wire fraud, nor do they establish that a particular type of common-law claim (such as breach of fiduciary duty or breach of contract) is always preempted. Instead, the cases compare the rights alleged in the complaint with provisions of Article 4A and explain why there is preemption *in the*

*particular case*. E.g., Ma v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 597 F.3d 84, 90 (2d. Cir. 2010) (holding that common-law claims were preempted by Article 4A because Article 4A imposes a shorter statute of limitations than the alleged claims). Truist has not established with sufficient particularity that Hames' claims arise out of a situation addressed by Article 4A or that her claims attempt to create rights, duties, or liabilities inconsistent with Article 4A. Truist's preemption argument fails.

**C. Failure-to-State-a-Claim Arguments**

Truist argues that, even if Hames' claims are not preempted by Article 4A, they fail as a matter of law.

Truist argues Hames' claims for breach of fiduciary duty fail because there was no fiduciary relationship between Hames and Truist. Under Tennessee law, banks and their depositors have a debtor/creditor relationship, which does not create a fiduciary duty. Macon Cnty. Livestock Mkt., Inc. v. Kentucky State Bank, Inc., 724 S.W.2d 343, 350-51 & n.9 (Tenn. Ct. App. 1986). Hames was a depositor at Truist. (ECF No. 20 at ¶ 7.) She does not allege any facts that establish a fiduciary relationship. Her allegation that "as a valued customer of SunTrust, said Defendant had a fiduciary and/or duty to timely and properly act on the Plaintiff's behalf" is conclusory and insufficient to sustain a claim.

Truist argues Hames' breach of contract claim fails because she fails to specify the contractual provision that Truist breached. Failure to identify a specific contract provision in the complaint is grounds for dismissal. Berry v. Regions Fin. Corp., 507 F. Supp. 3d 972, 979-80 (W.D. Tenn. 2020) (collecting cases). The Amended Complaint does not specify any contract provision Truist allegedly breached.

Truist argues Hames' recklessness and negligence claims fail because the duty Hames claims she was owed is not recognized under Tennessee law. Hames claims Truist breached its duty to her by failing to protect her from third-party fraud and by failing to process her cancellation request in a timely manner. (ECF No. 20 at ¶ 35.) Under Tennessee law, banks do not owe their customers a duty to prevent third-party fraud. Guth v. SunTrust Bank, Inc., 2007 WL 1135488, at *3 (Tenn. Ct. App. 2007) (citing Glazer v. First Am. Nat'l Bank, 930 S.W.2d 546, 550 (Tenn. 1996)). Hames does not have a claim for failure to protect her from third-party fraud.

Hames cannot sustain her claim based on negligence or recklessness for failure to timely cancel her wire transfer. The Initiate Wire form shows that Truist initiated the transfer on May 26, 2017. (ECF No. 58, Ex. B.) Hames alleges that the transfer had not been completed on May 30, 2017. (ECF No. 20 at ¶ 12.) Hames notified Truist of the Fraud on May 30. (Id.) Once a

transfer has been initiated, cancellation of the transfer is not effective unless the receiving bank agrees to the cancellation, or a funds-transfer system rule allows for cancellation without agreement. Tenn. Code Ann. § 47-4A-211(c). Truist cannot be liable for Citibank's failure to agree to cancel the transfer. Hames does not allege that any funds-transfer system rule allows for cancellation without agreement. Given those facts, Hames' recklessness and negligence claims are not plausible on their face. Barr, 954 F.3d at 904.

**D. Conclusion**

For the foregoing reasons, the Truist's Motion is **GRANTED**, and Hames' claims are **DISMISSED**.

So ordered this 15th day of August, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE