**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ALLISON HAMES,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 18-cv-2121-SHM-cgc** |
| **SUNTRUST BANK, CITIBANK, N.A., and JEFFREY CRANFORD,** | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING DEFENDANT CITIBANK, N.A.'S MOTION TO DISMISS**

Before the Court is Defendant Citibank, N.A.'s ("Citibank") Motion to Dismiss. (ECF No. 60.) Plaintiff Allison Hames ("Hames") has responded. (ECF No. 61.) Citibank has replied. (ECF No. 63.) For the following reasons, the Motion is **GRANTED.**

## I. Background

In May 2017, Hames was in the process of purchasing a home in Shelby County, Tennessee. (ECF No. 20 at ¶ 6.) On May 26, Hames received an e-mail, which she initially believed was from the company handling the sale of the house, asking for a down payment on the house. (Id. at ¶ 9.) Hames instructed her bank, Defendant Truist Bank ("Truist"), formerly known as SunTrust Bank, to send a down payment to the account listed in the e-mail. (Id. at ¶ 10.) On May 30, Hames learned that the e-mail she had received was not authentic. (Id. at ¶ 11.) She instructed

Truist to cancel the down payment. (Id. at ¶ 12.) Truist had completed the transfer from Hames' account to Defendant Jeffrey Cranford's ("Cranford") account before the cancellation request was processed. (Id. at ¶ 13.) Hames sues Cranford, Truist Bank, and Citibank, where Cranford had the money sent, on a variety of tort claims. (Id. at ¶¶ 18-38.) Pertinent here, she sues Citibank for negligence and recklessness in conducting its banking activities because Truist should have processed the cancellation request before the transfer was made. (Id. at ¶¶ 33-38.) After Hames brought suit in the Circuit Court of Shelby County, Tennessee, Truist removed the case to federal court. (ECF No. 1.)

## II. Jurisdiction and Choice of Law

### A. Jurisdiction

A federal district court has original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). The Court has original diversity jurisdiction over this case. For purposes of diversity, Hames is a citizen of Tennessee, Cranford is a citizen of California, Truist is a citizen of Georgia, and Citibank is a citizen of South Dakota. (ECF Nos. 1, 22.) There is complete diversity. Hames seeks $1,650,000 in damages. The $75,000 amount-in-controversy requirement is met.

**B. Choice of Law**

A federal court sitting in diversity applies the choice-of-law rules of the state in which it sits. Performance Contracting Inc. v. DynaSteel Corp., 750 F.3d 608, 611 (6th Cir. 2014). For tort cases, Tennessee follows the "most significant relationship" approach outlined in the Restatement (Second) of Conflict of Laws. Maverick Grp. Mktg., Inc. v. Worx Env't Prod., Inc., 99 F. Supp. 3d 822, 839 (W.D. Tenn. 2015). Under that approach, the law of the place of the injury will apply unless another state has a more substantial relationship to the occurrence and the parties. Id.

The court considers (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship between the parties is centered. Id. The Court considers all contacts "according to their relative importance with respect to the particular issue." Id.

Hames' loss of money occurred in Tennessee. (ECF No. 20.) The other factors split between Tennessee and California. The money left Hames's account in Tennessee and went to Cranford's account in California. (Id.) Hames is a resident of Tennessee. Cranford's account was in California. (Id.) Citibank is a resident of South Dakota. (Id.) Based on the additional factors,

no state has a more substantial relationship than Tennessee. Tennessee substantive law applies.

**III. Standard of Review**

Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss permits "a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

"To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "[The] plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 544. The court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (citing Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations but does not accept legal conclusions or unwarranted facts. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018).

## IV. Analysis

Citibank argues that Hames' common-law tort claims are preempted by Article 4A of the Tennessee Uniform Commercial Code ("Article 4A"), Tenn. Code Ann. §§ 47-4A-101 *et seq*. (ECF No. 60.) Hames argues that Citibank's arguments are inappropriate for a motion to dismiss and that Citibank's motion relies on information outside the Complaint and should be denied.[1] (ECF No. 61 at 4-5.)

### A. Procedural Arguments

Hames' procedural arguments about Citibank's motion are unavailing. Citibank's preemption argument is appropriate for a motion to dismiss. See, e.g., Berry v. Regions Financial

[1] The parties also address whether Hames' Complaint states a claim on which relief can be granted if Hames' claims are not preempted by Article 4A. Because Hames claims are preempted, the Court need not address those arguments.

Corporation, 507 F. Supp. 3d 972, 977–79 (W.D. Tenn. 2020) (granting a motion to dismiss because the plaintiff's common-law claims were preempted by Article 4A). Citibank did not convert its Motion to Dismiss into a Motion for Summary Judgment. The documents to which Hames objects in her response were only included in Truist's Motion to Dismiss. Although Hames filed a single response to both motions, Citibank is responsible only for information contained in its motion. Citibank did reference judgments entered against Cranford. However, that information is public record and, in any case, not relevant to the basis for ruling on Citibank's Motion.

**B. Preemption**

Article 4A displaces common-law claims based on wire transfers if the claims arise out of a situation addressed by Article 4A or attempt to create rights, duties, or liabilities inconsistent with Article 4A. Wright v. Citizen's Bank of E. Tennessee, 640 F. App'x 401, 406-07 (6th Cir. 2016) (finding persuasive a comment to Tenn. Code § 47-4A-102 and the reasoning of other federal and state courts that claims arising out of situations addressed by Article 4A are displaced).

The situation here, in which the originator of the wire transfer attempts to recover from the banks involved in the transfer because of fraud against the originator, is covered by Article 4A. Section 404, describing instances in which the

originator of a transfer tries to prevent payment to the beneficiary because of fraud or breach of contract, states:

> The fraud or breach of contract claim of the originator may be grounds for recovery by the originator from the beneficiary after the beneficiary is paid, but it does not affect the obligation of the beneficiary's bank to pay the beneficiary.

Tenn. Code Ann. § 47-4A-404, cmt. 3.

Although Hames claims Citibank should not have paid Cranford because the payment was induced by fraud, Article 4A dictates that Hames' potential claims are against Cranford. Citibank's duty to complete the wire transfer is unchanged by the alleged fraud.

Because the situation here is covered by Article 4A, Hames' common-law claims are preempted by Article 4A. Because all of Hames' claims are preempted, Citibank's Motion to Dismiss is **GRANTED**.

**V. Conclusion**

For the foregoing reasons, Citibank's Motion is **GRANTED**, and Hames' claims are **DISMISSED**.

So ordered this 15th day of August, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE